# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHRISTIE L. PATTON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )     CASE NO. CIV-13-421-L |
| | ) |
| **DEACONESS HEALTH SYSTEM, LLC,** | ) |
| d/b/a **DEACONESS HOSPITAL,** | ) |
| | ) |
|     **Defendant.** | ) |

## FIRST AMENDED COMPLAINT

### I. PRELIMINARY STATEMENT

1. Plaintiff filed her initial Complaint herein on April 26, 2013 [Doc. No. 1]. She has not yet served Defendant or had a summons issued. Plaintiff is amending her Complaint to delete, for the time being, her Second Cause of Action for unpaid wages under 40 O.S.A. §§ 165.1-165.11. Plaintiff's reason for doing so is that her claim for unpaid wages is currently set for an administrative hearing and she is represented by attorneys for the State of Oklahoma on such claim. Plaintiff's First Amended Complaint retains her race and color discrimination claims under 42 U.S.C. § 1981, and her state *Burk* tort claims for wrongful discharge. Plaintiff asserts a *Burk* tort for wrongful discharge in violation of Oklahoma public policy as set forth in Oklahoma statutory law regulating the payment of wages owed to an employee. Plaintiff filed a complaint with the Oklahoma Department of Labor for unpaid wages, and an initial determination was made that back wages were owed to Plaintiff by Defendant. Within a few days of receipt

of such determination by Defendant, Plaintiff was discharged. Plaintiff also asserts a *Burk* tort for wrongful discharge because a significant factor in the decision to discharge Plaintiff was that she complained to Defendant about the understaffing of trained medical personnel, including LPNs, CNAs, and other trained personnel, which seriously jeopardized the health and safety of patient.

## II. PARTIES

2. Plaintiff, Christie L. Patton, is a black female who resides in Yukon, Oklahoma. Plaintiff was hired by, performed work for, and was discharged by Defendant from its facility located in Oklahoma City, Oklahoma, within the Western District of Oklahoma.

3. Defendant, Deaconess Health System, LLC, d/b/a Deaconess Hospital, is a foreign limited liability company and operates medical care facilities and does business in Oklahoma City, within the Western District of Oklahoma.

## III. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1985. This Court also has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper under 28 U.S.C. § 1391(b) and (c).

## IV. FACTUAL ALLEGATIONS

6. Defendant provides health care, hospital and rehabilitative medical services, and engages in other business activities in or affecting interstate commerce.

7. At all times material herein, Defendant employed Human Resources personnel who were knowledgeable about federal and state laws applicable to its employees hired, employed, compensated, and discharged within the state of Oklahoma.

8. At all times material herein, Defendant was subject to the requirements of the Oklahoma statutory law relating to the payment of wages as to its employees employed or discharged in the state of Oklahoma.

9. At all times material herein, Defendant was subject to the requirements of 42 U.S.C. § 1981, a federal law prohibiting, among other things, employment discrimination based upon race and/or color in the making and enforcing of contracts, including the formation, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

10. Plaintiff is a black female who was formerly employed under an at-will employment contract with Defendant from her date of hire in February, 2011, until her date of discharge on or about January 10, 2013.

11. Plaintiff was employed by Defendant as a Licensed Practical Nurse ("LPN") to work at its medical facility located at 5501 North Portland, Oklahoma City, Oklahoma.

12. Plaintiff was qualified to perform her assigned duties as an LPN based upon her education and training, certification and licensing by the State of Oklahoma, and her prior work experience as an LPN since 2004. Prior to becoming an LPN, Plaintiff had worked as a Certified Nursing Assistant and a Medical Assistant.

13. Plaintiff's job duties for Defendant involved hands on medical care to patients provided on multiple floors, including, without limitation, communicating with and taking orders from physicians; checking on, observing, and attending to the needs of patients; administering medications; taking vital signs; and record keeping.

14. While employed with Defendant, Plaintiff filed an administrative complaint with the Oklahoma Department of Labor alleging that she had not been paid compensation as promised by the Defendant and as set forth in a written bonus program sponsored by Defendant.

15. In approximately November and December, 2012, and January, 2013, Plaintiff also complained to her Manager and the Human Resources Department that the patients' health and safety were being jeopardized because of the lack of trained employees and staffing to properly care for the patients. Plaintiff was told that the level of staffing was not going to change, and that additional personnel had been requested but denied by the corporate offices.

16. On January 8, 2013, the Oklahoma Department of Labor issued an Administrative Order of Determination that the Defendant had failed to timely pay wages to Plaintiff as required by 40 O.S. § 165.2 and 165.3. The Determination further stated that the amount of wages owed by Defendant was due and owing in the amount of $3,690.38, but said amount had not been paid by Defendant. Plaintiff was discharged two days later on January 10, 2013.

17. The reasons given by Defendant for adverse actions taken against Plaintiff

are pretexts. Plaintiff was given various reasons for her discharge, such as complaints by patients, charting errors, care for patients, and her poor attitude. However, Defendant reported to the Oklahoma Employment Security Commission that Plaintiff had been terminated due to lack of work as the reason for her termination, and did not challenge her receipt of unemployment compensation benefits.

18.   At the time of her discharge, Plaintiff was paid at the base rate of approximately $28.00 per hour, and she received fringe benefits beyond her base hourly rate.

19.   As a result of Defendant's actions, Plaintiff has sustained a loss of employment, loss of wages, loss of benefits and other compensation, loss of seniority, loss of career path, loss of future wages and other compensation, and has suffered other compensatory damages, including, without limitation, humiliation, loss of dignity, and loss of enjoyment of life.

20.   All adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, and/or in reckless disregard for the legal rights of Plaintiff. Defendant has a written policy acknowledging that it is illegal to discriminate against an employee based upon race and color. Further, Defendant knew it was legally required to pay wages earned by Plaintiff as agreed upon, and that it was illegal to discharge her because she asserted a claim for unpaid wages. Finally, Defendant knew it was legally wrong to terminate Plaintiff because she was attempting to protect the safety and health of patients. Nonetheless, Defendant intentionally and maliciously took adverse action against Plaintiff

in discharging her because of her race and color, and because she asserted her legal rights to protect her property and to protect the safety and health of patients.

### V. FIRST CAUSE OF ACTION: VIOLATION OF SECTION 1981

21. Plaintiff incorporates hereunder by reference paragraphs 1-20, as set forth above.

22. Plaintiff is protected from employment discrimination by Defendant based upon her race and color under 42 U.S.C. § 1981.

23. Beginning in approximately December, 2012, Defendant began over-scrutinizing Plaintiff's job performance and counseling and/or writing Plaintiff up for alleged errors, mistakes, and deficiencies. Non-black employees did not have their work performance over-scrutinized and were either not disciplined or received less severe discipline for similar alleged deficiencies.

24. Plaintiff's floor manager, Dawn Purvis (white), performed periodic audits to determine whether nurses were charting correctly and performing required tasks. Plaintiff was disciplined for alleged performance problems, while her non-black co-workers were not disciplined for similar problems.

25. Plaintiff complained about the disparate treatment to the floor manager, Purvis; to the manager of the "float pool", Colleen Valderama (white); to representatives of Defendant's Human Resources Department (white); and to Defendant's corporate hotline.

26. On or about January 10, 2013, Plaintiff was discharged for alleged deficiencies in her work performance. The reasons given for adverse actions, including Plaintiff's discharge, are pretexts. Defendant stated to the Oklahoma Employment Security Commission that Plaintiff was terminated from employment due to lack of work. Further, Plaintiff was given different disciplinary treatment than non-black employees for similar alleged offenses.

27. Defendant's adverse actions, including, without limitation, over-scrutinizing Plaintiff's job performance and behavior, subjecting Plaintiff to different terms and conditions of employment, unequal discipline, and discharge, because of her race and/or color violate Section 1981. Plaintiff is entitled to all remedies to which a prevailing plaintiff is entitled for an employer's willful and malicious violation of Section 1981.

## VI. SECOND CAUSE OF ACTION:
## TORT OF WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY EXPRESSED IN OKLAHOMA'S WAGE PAYMENT STATUTE

28. Plaintiff incorporates hereunder by reference paragraphs 1-27, as set forth above.

29. While employed by Defendant, Plaintiff complained about Defendant's willful and continuous failure to pay her wages which she had earned. As a result, she had to file a formal complaint with the Oklahoma Department of Labor to protect her property interests, secure her wages earned, and prevent fraudulent activities by Defendant pertaining to promising its employees additional compensation through an established program, and then changing the program and rules relating to same after the

employees had already performed the work and earned the additional compensation.

30. A significant factor utilized by Defendant in making the decision to discharge Plaintiff was her having complained about Defendant's failure to pay her wages which she had earned.

31. Defendant's actions in discharging Plaintiff because of her complaints about wage payments constitute the tort of wrongful discharge in violation of public policy.

32. As a result of Plaintiff's being wrongfully discharged, she sustained the losses and damages set forth in paragraph 20, above.

33. Plaintiff is entitled to recover from Defendant all actual and compensatory damages, punitive damages, costs and attorney's fees.

## VII. THIRD CAUSE OF ACTION:
## TORT OF WRONGFUL DISCHARGE IN VIOLATION OF OKLAHOMA PUBLIC POLICY PROTECTING THE SAFETY AND HEALTH OF PATIENTS IN A MEDICAL FACILITY

34. Plaintiff incorporates hereunder by reference paragraphs 1-33, as set forth above.

35. While employed by Defendant, Plaintiff complained to her immediate supervisor and the Human Resources Department about activities of Defendant adversely affecting the safety, health, and welfare of patients. Such activities included, without limitation, serious under-staffing of trained LPNs and CNAs and other personnel necessary to properly care for hospitalized patients, many of whom had severe, life-threatening injuries or illnesses.

36. A significant factor utilized by Defendant in making the decision to discharge Plaintiff was her having complained about Defendant's activities adversely affecting patient safety, health, and welfare. Upon information and belief, Defendant had been informed not only by Plaintiff but by other employees or former employees that the facility was under-staffed to provide proper patient care. Plaintiff was told that corporate headquarters was aware of the staffing complaints, but that no changes would be made.

37. Defendant's actions in discharging Plaintiff because of her complaints about patient safety, health, and welfare constitute the tort of wrongful discharge, in violation of public policy.

38. As a result of Plaintiff's being wrongfully discharged, she sustained the losses and damages set forth in paragraph 20, above.

39. Plaintiff is entitled to recover from Defendant all actual and compensatory damages, punitive damages, costs and attorney's fees.

### VIII.  JURY TRIAL REQUESTED

40. Plaintiff is entitled to a jury trial as to her causes of action and claims asserted herein, and Plaintiff hereby requests a jury trial.

### IX.  PRAYER FOR RELIEF

41. Plaintiff prays for judgment as follows:

    A. Payment of all back wages, benefits, and compensation due to her discharge;

    B. All compensatory and consequential damages, including but not

limited to, humiliation, loss of dignity, and loss of enjoyment of life;

C. Punitive or exemplary damages;

D. Declaratory and injunctive relief as appropriate;

E. Reinstatement to employment with Defendant in the job position Plaintiff would now hold, absent discriminatory treatment by Defendant, or future pay in lieu thereof;

F. Pre-judgment and post-judgment interest on all sums awarded to Plaintiff;

G. Attorney's fees, costs and such other and further relief as the Court deems reasonable and proper.

    s/Raymond C. Durbin
OBA No. 2554
601 NW 13th Street
Oklahoma City, OK 73103-2213
Telephone:  (405) 521-0577
Fax:           (405) 525-0528
E-mail:      durbinlaw@flash.net

ATTORNEY FOR PLAINTIFF

**JURY TRIAL DEMANDED.**

**ATTORNEY LIEN CLAIMED.**