IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. CHRISTIE L. PATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-13-421-L |
| 1. DEACONESS HEALTH SYSTEM, LLC, | ) | Honorable Tim Leonard |
| d/b/a DEACONESS HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

COMES NOW Defendant, Deaconess Health System, L.L.C., ("Deaconess" or the "Hospital") and hereby submits its Answer to Plaintiff's First Amended Complaint ("Complaint"). Defendant denies each and every allegation of Plaintiff's Complaint except as hereinafter specifically admitted, and further states as follows:

### I.     PRELIMINARY STATEMENT

1. In response to Paragraph 1 of Plaintiff's Complaint, Defendant states that the portions of Paragraph 1 discussing Plaintiff's reasons for amending her Complaint contain no factual allegations to which a response is required. Defendant denies that Plaintiff has an actionable claim under 42 U.S.C. § 1981 and denies that Plaintiff has actionable *Burk* tort claims for wrongful discharge.

### II.     PARTIES

2. In response to Paragraph 2 of Plaintiff's Complaint, Defendant admits that Plaintiff is a black female. Defendant is without sufficient knowledge to admit or deny Plaintiff's place of residence. Defendant admits that at one time Defendant employed

Plaintiff in Oklahoma City, Oklahoma, within the Western District of Oklahoma, and that Defendant discharged Plaintiff from her employment.

3. In response to Paragraph 3 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

### III. JURISDICTION AND VENUE

4. In response to Paragraph 4 of Plaintiff's Complaint, Defendant states that Paragraph 4 contains no factual allegations to which a response is required. Defendant does not dispute that this Court has subject matter jurisdiction over this matter.

5. In response to Paragraph 5 of Plaintiff's Complaint, Defendant states that Paragraph 5 contains no factual allegations to which a response is required. Defendant does not dispute that venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

7. In response to Paragraph 7 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

8. In response to Paragraph 8 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

9. In response to Paragraph 9 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

10. In response to Paragraph 10 of Plaintiff's Complaint, Defendant admits that Plaintiff is a black female and Defendant employed Plaintiff "at-will" from February of

2011 until January 10, 2013. Defendant denies the remainder of the allegations contained therein.

11. In response to Paragraph 11 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

12. In response to Paragraph 12 of Plaintiff's Complaint, Defendant is without sufficient information to admit or deny facts relating to Plaintiff's former employment. Defendant denies the remainder of the allegations contained therein.

13. In response to Paragraph 13 of Plaintiff's Complaint, Defendant admits the allegations contained therein. Defendant further states that Paragraph 13 of Plaintiff's Complaint does not state all of Plaintiff's former job duties.

14. In response to Paragraph 14 of Plaintiff's Complaint, Defendant admits Plaintiff filed an administrative complaint with the Oklahoma Department of Labor during her employment with Defendant. In response to Plaintiff's characterization of the allegations in the administrative complaint, Defendant states that the administrative complaint speaks for itself.

15. In response to Paragraph 15 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

16. In response to Paragraph 16 of Plaintiff's Complaint, Defendant admits that the Oklahoma Department of Labor issued an Administrative Order of Determination stating Defendant failed to timely pay wages to Plaintiff as required by 40 O.S. §§ 165.2 and 165.3. Defendant admits the Determination states the amount earned and due to Plaintiff is $3,690.38. Defendant admits that Plaintiff was discharged on January 10, 2013. As to

Plaintiff's allegation that the Determination was issued on January 8, 2013, Defendant states the Determination speaks for itself. Defendant further states that it has appealed the Oklahoma Department of Labor's Determination and that such appeal is currently pending.

17. In response to Paragraph 17 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

18. In response to Paragraph 18 of Plaintiff's Complaint, Defendant admits Plaintiff was paid at the base rate of approximately $28.00 per hour at the time of her discharge. As to the allegation that Plaintiff received fringe benefits beyond her base hourly rate, such allegation is vague and ambiguous and, on that basis, Defendant denies the allegation.

19. In response to Paragraph 19 of Plaintiff's Complaint, Defendant denies Plaintiff suffered any damages as a result of any action taken by Defendant.

20. In response to Paragraph 20 of Plaintiff's Complaint, Defendant admits that it has a written policy acknowledging it is illegal to discriminate against an employee based upon race. Defendant denies the remainder of the allegations contained therein.

### V.     FIRST CAUSE OF ACTION: VIOLATION OF SECTION 1981

21. In response to Paragraph 21 of Plaintiff's Complaint, Defendant states Paragraph 21 contains no factual allegation to which a response is required.

22. In response to Paragraph 22 of Plaintiff's Complaint, Defendant states Paragraph 22 contains only legal conclusions to which no response is required.

23. In response to Paragraph 23 of Plaintiff's Complaint, Defendant denies the allegations therein.

24. In response to Paragraph 24 of Plaintiff's Complaint, Defendant admits that floor managers perform periodic audits of nurses' performance. Defendant denies the remainder of the allegations contained therein.

25. In response to Paragraph 25 of Plaintiff's Complaint, Defendant denies the allegations therein.

26. In response to Paragraph 26 of Plaintiff's Complaint, Defendant admits that Plaintiff was discharged on January 10, 2013. Defendant denies the remainder of the allegations contained therein.

27. In response to Paragraph 27 of Plaintiff's Complaint, Defendant denies that any action taken by Defendant with regard to Plaintiff was in violation of Section 1981, and denies that Plaintiff is entitled to any remedy under Section 1981.

**VI.     SECOND CAUSE OF ACTION: TORT OF WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY EXPRESSED IN OKLAHOMA'S WAGE PAYMENT STATUTE**

28. In response to Paragraph 28 of Plaintiff's Complaint, Defendant states that Paragraph 28 contains no factual allegation to which a response is required.

29. In response to Paragraph 29 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

30. In response to Paragraph 30 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

31. In response to Paragraph 31 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

32. In response to Paragraph 32 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

33. In response to Paragraph 33 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

### VII. THIRD CAUSE OF ACTION: TORT OF WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY PROTECTING THE SAFETY AND HEALTH OF PATIENTS IN A MEDICAL FACILITY

34. In response to Paragraph 34 of Plaintiff's Complaint, Defendant states that Paragraph 34 contains no factual allegation to which a response is required.

35. In response to Paragraph 35 of Plaintiff's Complaint, Defendant admits that at one time, Plaintiff stated to her managers that she felt her shifts were understaffed. Defendant denies the remainder of the allegations contained therein.

36. In response to Paragraph 36 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

37. In response to Paragraph 37 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

38. In response to Paragraph 38 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

39. In response to Paragraph 39 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

## VIII. JURY TRIAL REQUESTED

40. In response to Paragraph 40 of Plaintiff's Complaint, Defendant states that Paragraph 40 contains no factual allegation to which a response is required.

## IX. PRAYER FOR RELIEF

41. In response to Paragraph 41 and its sub-parts, Defendant states that Paragraph 41 and its sub-parts contain no factual allegations to which a response is required. Defendant denies that Plaintiff is entitled to any damages from Defendant, including, but not limited to, all the relief requested in Paragraph 42 and its sub-parts.

## AFFIRMATIVE DEFENSES

1. Plaintiff's allegations against Defendant fail to state a claim upon which relief may be granted.

2. All employment decisions regarding or affecting Plaintiff were based upon legitimate, non-retaliatory, and reasonable business reasons that were in no way related to Plaintiff's alleged protected status and/or activities.

3. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff never complained of discriminatory treatment during her employment with Defendant.

4. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that it exercised reasonable care to prevent and to promptly correct any alleged discriminatory conduct.

5. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff's allegations of wrongful discharge in violation of public policy fail to state a claim upon which relief can be granted because they do not specify the public policies on which they are based.

5. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff's claim is barred and/or limited by the doctrines of estoppel, laches, and waiver.

6. The Plaintiff is not entitled to liquidated or punitive damages because Defendant at all times acted in good faith and had reasonable grounds to believe that its acts complied with the law.

7. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Plaintiff's claims are barred by the doctrine of accord and satisfaction.

8. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant asserts any alleged damages incurred by Plaintiff resulted from her own conduct and were not caused or attributable to Deaconess.

9. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff failed to mitigate her damages.

10. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Plaintiff's claims are barred, in whole or in part, because Deaconess did not act negligently, maliciously, willfully, or wantonly.

11. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Plaintiff's claims are barred in whole, or in part, because at all times relevant she was an at-will employee.

12. Defendant claims its entitlement to recover attorneys' fees and costs of suit.

13. Defendant reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action.

**WHEREFORE**, Defendant respectfully requests that this action and all of Plaintiff's claims contained therein be dismissed with prejudice, that Plaintiff take nothing, and that Defendant be awarded its costs, expenses, attorneys' fees, and such other and further relief as this Court deems appropriate

Respectfully submitted,

*/s/ Sean W. Kilian*

David E. Strecker, OBA #8687
Jessica C. Ridenour, OBA #20758
Sean W. Kilian, OBA #31117
STRECKER & ASSOCIATES, P.C.
2150 Mid-Continent Tower
401 South Boston Avenue
Tulsa, Oklahoma 74103-4009
Phone: (918) 582-1734
Fax:    (918) 582-1780
**ATTORNEYS FOR DEFENDANT
DEACONESS HOSPITAL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of July, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Raymond C. Durbin
>601 NW 13th Street
>Oklahoma City, OK 73103-2213
>**ATTORNEY FOR PLAINTIFF**

>*/s/ Sean W. Kilian*
>Sean W. Kilian